**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5831 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-00018-SLG-KFR-1 |
| v. | |
| VINCENT LEE SLAUGHTER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 15, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Vincent Lee Slaughter appeals from his conviction for assault on an officer

or employee of the United States in violation of 18 U.S.C. § 111(a)(1).  As the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 111 criminalizes assault on "any person designated in [18 U.S.C. § 1114]." 18 U.S.C. § 111(a)(1). Section 1114, in turn, protects "any officer or employee of the United States . . . or any person assisting such an officer or employee." *Id.* § 1114(a). Slaughter argues that § 111(a)(1) does not cover his victim, a Protective Security Officer (PSO) stationed at the Anchorage Federal Building, because "assisting" in § 1114 requires a federal officer's direction or contemporaneous involvement. Slaughter's argument contravenes our precedent and is foreclosed by the plain text and purpose of the relevant statutes.

1. In *United States v. Anderson*, a defendant convicted under a statute that criminalizes threatening "an official whose killing would be a crime under [18 U.S.C. § 1114]" argued that the victim, a PSO, was not an "official" and thus was not covered by the statute. 46 F.4th 1000, 1007 (9th Cir. 2022) (emphasis omitted) (quoting 18 U.S.C. § 115(a)(1)(B)); *see id.* at 1004. We rejected that argument, holding that § 115 "incorporates all persons covered by 18 U.S.C. § 1114" and stating that "[w]hen Anderson threatened [the PSO], he was assisting the [Federal Protective Service] in performing its official duty to protect the Social Security Office." *Id.* at 1009. In dissent, Judge Fletcher would have held that the PSO was not an "official" under § 115, but he agreed that, "[u]nder a reasonable reading of

§ 1114, [the PSO] was assisting an officer or employee of the United States in providing private security" to a federal building. *Id.* at 1011 (Fletcher, J., dissenting).

2. Beyond the weight of these statements in *Anderson*, the plain text of § 1114 precludes Slaughter's interpretation. To "assist" means "[t]o help; aid; succor; lend countenance or encouragement to; [or] participate in as an auxiliary." Assist, *Black's Law Dictionary* (6th ed. 1990). This definition does not require direction or contemporaneous involvement, nor does it imply the exclusion of contracted personnel like the PSO who act under the delegated authority of federal officials.

3. Slaughter's proposed interpretation also clashes with Congress's design, in §§ 111 and 1114, to "protect *both* federal officers *and* federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975) (emphases added). Slaughter's argument that Congress narrowed § 1114 in a 1996 amendment to exclude those not immediately directed or supervised by federal officials is unavailing, as this court still recognizes the protection of federal functions as a purpose of § 111. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1125 (9th Cir. 2012). It would be illogical for Congress to protect federal functions within § 111 but to exclude from § 1114 contractors who perform the same functions. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (inferring that Congress intended two statutes

with a common purpose, subject, and source to be construed harmoniously). Additionally, as we noted in *Anderson*, the 1996 amendment to § 1114 was prompted in part by an attack on a federal building. 46 F.4th at 1009 n.5. This historical context makes it all the more unreasonable to conclude that Congress intended the 1996 amendment to curtail protections for contracted PSOs. *See id.*

As the PSO was "assisting" a federal officer under § 1114, Slaughter was properly convicted under § 111.

**AFFIRMED.**